PETITION OF LEONARD V. HAMMER.

No. 10936.

Submitted March 26, 1965. Decided March 30, 1965.

Supplemental Opinion May 4, 1965.

401 P.2d 286.

Leonard V. Hammer, petitioner pro se.

PER CURIAM.

A petition for writ of habeas corpus having been filed by Leonard V. Hammer, an inmate of the Montana State Prison, appearing pro se, in which it is alleged that petitioner was not informed of his right to appointment of counsel, never waived counsel, nor did the court appoint counsel at the time of his arraignment and plea on or about November 22, 1963, in the District Court of Hill County.

No records or exhibits accompany the petition and this court is unable to determine whether any merit exists in the allegations made, and since such records are available in the district court;

It is ordered that the petition be forwarded to the Clerk of the District Court of Hill County, and by him referred to the district judge who presided at the proceedings referred to, with request that copy of the minutes, reporter's transcript of the hearing be secured, and that the court prepare findings of fact with respect to the allegations made by petitioner, and make return thereof to this court so that further consideration of the petition may be had.

### Supplemental Opinion.

Original proceeding.

A petition for writ of habeas corpus was filed with this court by Leonard V. Hammer, an inmate of the Montana State Prison, appearing pro se, in which he alleged that he had not been informed of his right to appointment of counsel, never waived counsel, nor did the court appoint counsel at the time of his arraignment and plea in the district court of Hill County. Since no record or exhibits accompanied the petition it was referred to the district court to secure copy of minutes, transcript of the proceedings, with request that the court prepare findings of fact with respect to the allegations of the petitioner. The district court has complied with our request.

A stenographic record of the proceedings is not available by reason of the absence of the court reporter at the time of the entry of plea, but the district judge advises his recollection is very clear as to the proceedings and he states:

"He volunteered immediately, when asked if he had an attorney, that he would act as his own lawyer and was then advised that he had the right to be represented by a lawyer before he entered any plea in the matter and he stated that he understood it and that he still wanted to represent himself."

410

The district court minutes state:

"The defendant waived counsel and stated that he was ready to enter his plea whereupon he pled guilty to the charge of forgery on two counts as charged in the information."

The district court has furnished us with a copy of its order of February 24, 1964, which states that the petitioner had upon his person in currency at the time of his arrest approximately $1,900.00; that the court was informed that petitioner forwarded approximately $1,100.00 to California during the time he was in jail, and that at the time he was delivered to the State Prison at Deer Lodge he had $334.72 in American money and $155.00 in Canadian money.

It appears from this record petitioner was informed of his right to counsel, that he did waive counsel, and, further, that he was possessed of sufficient funds to employ counsel had he desired to do so and there was, therefore, no necessity of the court appointing counsel at the expense of the State to represent him.

The writ requested is denied and the proceeding is dismissed.